

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FLOYD WILSON, ROSA LOPEZ, STANLEY WILSON, MARIA ZENDEJAS, individually and on behalf of their minor child, JACQUELINE WILSON, and MARIA ZENDEJAS, as mother of her minor child, JUAN ZENDEJAS, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM PESLAK, JOSEPH DEKIEL, SGT. JAMES DISANTIS, and TOWN OF CICERO, <br><br> Defendants. | Judge Ronald A. Guzmán <br><br> 04 C 2345 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Floyd Wilson, Rosa Lopez, Stanley Wilson, Maria Zendejas, Jacqueline Wilson and Juan Zendejas have sued defendant police officers, William Peslak, Joseph Dekiel, and James Disantis and the Town of Cicero under 42 U.S.C. § 1983 ("section 1983") for violating their Fourth Amendment rights to be free from illegal search and seizure. Floyd and Stanley Wilson also sue under state law for malicious prosecution. This case is before the Court on defendants' motion to dismiss[1] for misjoinder, or in the alternative, to sever the lawsuit as to plaintiffs Stanley Wilson, Maria Zendejas, Jacqueline Wilson and Juan Zendejas and create a separate and distinct action under Federal Rule of Civil Procedure ("Rule") 21. For the reasons provided in this Memorandum Opinion and Order, the Court denies defendants' motions.

---

[1] Defendants also moved to dismiss Count IV (intentional infliction of emotional distress) of the Second Amended Complaint for failure to state a claim. However, this portion of the motion was mooted by the Court's granting plaintiffs' own motion to dismiss Count IV on January, 24, 2005.

# FACTS

On August 10, 2003, Floyd Wilson ("Floyd") and Rosa Lopez drove home near the 5100 block of West 29th Place in Cicero, Illinois. (Compl. ¶ 5.) Officers Peslak and Dekiel stopped them allegedly under the false pretense that Floyd and another passenger, Wilfredo Rivera, threw beer cans out of the car window. (*Id.* ¶ 6.) Peslak and Dekiel arrested Floyd and Rosa without justification, and then Peslak allegedly broke the key to their car in the car's ignition, removed wires from the engine, and scratched the vehicle. (*Id.* ¶¶ 7, 13.)

During this incident, Floyd's brother, Stanley Wilson ("Stanley"), came out of his nearby residence to ask Officer Peslak why Floyd and Rosa were being detained. (*Id.* ¶ 8.) When Floyd took his hands off the vehicle to see what was happening with Officer Peslak and Stanley, Officer Dekiel grabbed Floyd's hair and slammed his face into the car and broke his nose. (*Id.* ¶ 9.)

Officer Peslak then entered the home of Stanley, Maria Zendejas, Jacqueline Wilson, and Juan Zendejas. (*Id.* ¶ 12.) Officer Peslak allegedly choked Stanley and forcefully squeezed and bruised the arm of Maria Zendejas. (*Id.* ¶ 14.) Officers Peslak and Dekiel arrested Stanley and charged him with assault and obstructing and resisting arrest, which are misdemeanors. (*Id.* ¶ 11.) While no charges were brought against Rosa Lopez, Officers Peslak and Dekiel and Sergeant Disantis arrested her and detained her at Cicero Police Department. (*Id.* ¶ 10.)

While at the police station, plaintiffs allege that Peslak, Dekiel and Disantis beat Floyd about the head and body. (*Id.* ¶ 15.) They allege that Disantis hit Floyd on the top of his head with the butt of a gun, which required him to receive treatment at a hospital that included five staples to the top of his head. (*Id.*)

Floyd and Stanley were prosecuted. (*Id.* ¶ 18.) They allege all defendants conspired to create false police reports and testify falsely with regard to the prosecution. (*Id.*)

## DISCUSSION

Defendants contend that joinder of Floyd and Rosa ("Floyd Plaintiffs") and Stanley, Maria Zendejas, Jacqueline Wilson, and Juan Zendejas ("Stanley Plaintiffs") is improper and ask this Court to dismiss this case, or alternatively, to sever the lawsuit. Rule 21 states that "[misjoinder] of parties is not a ground for dismissal of an action." FED. R. CIV. P. 21. Consequently, defendants' motion to dismiss on this ground is denied.

However, Rule 21 authorizes the court to sever any misjoined party or claim at any stage of a lawsuit. *Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 229 (N.D. Ill. 2002). The district court has wide discretion concerning the joinder of parties. *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001); *Intercon Research Assocs. v. Dresser Indus., Inc.*, 696 F.2d 53, 56 (7th Cir. 1982). Because Rule 21 does not include standards for proper joinder, courts use the permissive joinder standards contained in Rule 20(a). *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000); *Hawkins*, 210 F.R.D. at 229-30.

With respect to Rule 20(a), the Supreme Court has held that "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The Seventh Circuit has noted that the purpose of a liberal Rule 20(a) joinder requirement "is to enable economies in litigation." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000); *see Bailey*, 196 F.R.D. at 515 (stating purpose of Rule 20 is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits").

Rule 20(a) allows permissive joinder of plaintiffs if: (1) they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "if any question of law or fact common to all those persons will arise in the action." FED. R. CIV. P. 20(a); *see Intercon*, 696 F.2d at 57; *Hawkins*, 210 F.R.D. at 230; *Ahern v. Bd. of Educ. of Chi.*, 92 C 4074, 1992 WL 297414, at *2 (N.D. Ill. Oct. 9, 1992). With regard to the first requirement, courts

generally take a case-by-case approach in ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20. *Bailey*, 196 F.R.D. at 515; *see Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Factors to consider include whether the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a "system of decision-making" or "widely-held policy of discrimination." *Hawkins*, 210 F.R.D. at 230; *see Bailey*, 196 F.R.D. at 516; *Byers v. Ill. State Police*, 99 C 8105, 2000 WL 1808558, at *3 (N.D. Ill. Dec. 6, 2000).

In this case, all of plaintiffs' claims arise out of the same transaction or series of transactions. Defendants contend that the Floyd Plaintiffs' and Stanley Plaintiffs' claims are in no way logically connected. This argument is untenable. The sole reason why the Stanley Plaintiffs ever came in contact with defendants is because Stanley Wilson reacted to the Floyd Plaintiffs' detention. This encounter triggered a series of transactions, including the breaking of Floyd Wilson's nose, the officer's entrance into the Stanley Plaintiffs' home, and the prosecution of Floyd and Stanley Wilson, which form the bases of the plaintiffs' multiple causes of action. The conduct alleged in the Second Amended Complaint occurred during the same narrow time period, involved the same defendants, and implicated an alleged general policy of police misconduct, which are all factors that favor joinder.

Moreover, there are issues of law *and* fact common to all plaintiffs in this case, although Rule 20 only requires common issues of either law *or* fact for proper joinder. *See Intercon*, 696 F.2d at 57. First, plaintiffs will present the same facts concerning both their and the officer defendants' interrelated conduct that occurred during the same short period of time both inside and outside the Stanley Plaintiffs' residence to support their claims. Second, plaintiffs' causes of action also share common questions of law. All plaintiffs have sued the Town of Cicero under section 1983. In *Monell v. Department of Social Services of City of New York*, the Supreme Court

held that a municipality may be sued directly under section 1983 when the alleged constitutional violations stemmed from a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690 (1978). Here, all plaintiffs make a *Monell* claim against the Town of Cicero for illegal search and seizure.

In addition, the Floyd Plaintiffs and Stanley Plaintiffs' claims share other common issues of law. Floyd and Stanley both allege the officer defendants maliciously prosecuted them. Floyd, Stanley and Rosa Lopez claim the officers falsely arrested them. Further, Floyd, Stanley and Maria Zendejas allege the defendant officers subjected them to excessive force. Finally, all plaintiffs claim the officers conducted an illegal search and seizure. The Court holds that this case presents sufficient commonality of law or fact for proper joinder under Rule 20.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants Peslak, Dekiel, and Disantis' motion to dismiss [doc. 38-1] and motion to sever [doc. no. 38-2].

**SO ORDERED**  **ENTERED:** 5/12/05

HON. RONALD A. GUZMAN
**United States Judge**